## Hite et al. v. Clark & Snover Co.

*Preferred stock—Capital distribution — Service — Declaratory Judgments Act of June 18, 1923.*

1. Ordinarily, and in the absence of statutory or contractual provisions to the contrary, preferred stock is entitled to no preference over common stock out of a fund created on liquidation of capital assets. The terms preferred stock, or preferred shares, do not of themselves import a preference as to capital, but only as to income.

2. Stockholders of a defendant company may be deemed to be in court for all incidental purposes by virtue of due service of a bill in equity. But where a prescribed form of notice in writing of the time of hearing is served upon them, everything has been done necessary to satisfy the conditions of personal jurisdiction of all parties affected, as required by section 11 of the Declaratory Judgments Act of June 18, 1923, P. L. 840.

Declaratory judgment. C. P. Lackawanna Co., Oct. T., 1926, No. 5, in Equity.

*S. B., C. B. & J. H. Price,* for petitioner.

NEWCOMB, P. J., Oct. 21, 1926.—At suit of creditors the affairs of defendant company have been wound up and the assets of every description converted into cash by the hand of a receiver. The total amount of liabilities has been ascertained, and it thus appears that there will be a surplus for distribution to the stockholders. These are of two classes, viz., preferred and common. Being at a loss to know what their respective rights are in the premises, the receiver moved in this behalf by petition setting forth these facts, together with the data in full touching the origin of the preferred shares and the form in which they were issued, whereupon he prays judgment on the question whether they are entitled to priority on such distribution.

The question is believed to be free from difficulty.

Aside from statutory authority to issue preferred shares, there is nothing in the charter on the subject. The company never had any by-laws. There is nothing, in other words, to take the case out of the general rule which rests the right of priority and the extent of preference upon the terms of the contract as disclosed either by the certificate, the underlying corporate action, or both: 4 Thompson Corp. (2nd ed.), § 3613; Cook Corp. (5th ed.), § 278.

The stock here in question was issued in pursuance of action taken by the company in due form of law. In that way an issue of preferred stock was authorized in an amount not to exceed "$200,000 to be paid for in cash at par

Hite et al. *v.* Clark & Snover Company.

as issued, and to bear four per cent. semi-annual dividends, and no more; said dividends to be paid out of the net earnings of the company," etc.; the further provision being for the allotment of the issue to the six stockholders, then forming the company, *pro rata* according to their respective holdings of the common. The certificates went out with nothing to distinguish them from the common stock save the color of the paper and the word "preferred" before the word "stock."

So long as there were any profits, dividends were paid as stipulated. For years past there have been no profits, and, therefore, no dividends on either class of shares.

The fact that the specified dividend was paid for some time is of no moment to this inquiry. It gives rise to no presumption of preference on capital distribution: 1 Morawetz Priv. Corp. (2nd ed.), § 461.

True, a certificate of stock is evidence of a contract which is to be construed as favorably to the holder and as strongly against the issuing company as its terms will warrant (Spear *v.* Lime Co., 113 Me. 285), yet, in themselves, the words "preferred stock" give preference only as to income: Cook Corp. (5th ed.), page 582, § 267.

So, in this case, any other supposition is negatived not only by the presumption arising from the face of the certificate, but by the express terms of the underlying authority for issuing it, which limited its preference to the net profits.

From the course of decision the well-settled rule to be gathered is this: Ordinarily, and in the absence of statutory or contractual provisions to the contrary, preferred stock is entitled to no preference over common stock out of a fund created on liquidation of capital assets. In other words, the terms preferred stock, or preferred shares, do not of themselves import a preference as to capital, but only as to income: 21 L. R. A. (N. S.) 228, note. To the same effect, see 39 L. R. A. (N. S.) 1007.

As the stockholders constitute the defendant company, they may be deemed to be in court for all incidental purposes by virtue of due service of the bill. But, regardless of that, when, on Sept. 17th, this petition was set down to be heard on Oct. 13th, the order included provision for service of a prescribed form of notice in writing on each of the stockholders not less than ten days in advance. That was done. The holders of the common stock appeared by Mr. Briggs, their counsel. There was no appearance on the part of the others. It is not apparent, however, that anything more could have been done to satisfy the conditions of personal jurisdiction of all parties to be affected, as required by section 11 of the Declaratory Judgments Act of June 18, 1923, P. L. 840.

In this state of the record and on the undisputed facts, no hesitation is felt in saying that the holders of the preferred stock in question are entitled to no preference in respect to the fund now in the receiver's hands.

It is accordingly ordered, adjudged and decreed that, after payment of the ascertained debts of defendant company and the expense of liquidation, the surplus, if any, be distributed *pro rata* among all the stockholders in proportion to their respective holdings, without distinction as between the preferred and common stock, thus dealing with both the one and the other as common stock *pro hac vice*. The receiver to be further heard, if need be, on the question of fixing the time and manner in which stockholders' claims shall be presented and computed. From John G. McAskie, Scranton, Pa.